HON. DAVID M. GARBER Corporation Counsel, Syracuse
This is in response to your request for an opinion as to whether the City of Syracuse may contract with a collection agency for the collection of fines imposed under the Vehicle and Traffic Law.
Alleged violations of the Vehicle and Traffic Law are categorized pursuant to section 155 of the Vehicle and Traffic Law, which defines a "traffic infraction" and provides in part:
 "[A "traffic infraction" is] [t] he violation of any provision of this chapter, except title eleven, or of any law, ordinance, order, rule or regulation regulating traffic which is not declared by this chapter or other law of this state to be a misdemeanor or a felony. A traffic infraction is not a crime and the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment and shall not affect or impair the credibility as a witness or otherwise of any person convicted thereof. * * * Outside of cities having a population in excess of two hundred seventy-five thousand, courts and judicial officers heretofore having jurisdiction over such violations shall continue to do so and for such purpose such violations shall be deemed misdemeanors and all provisions of law relating to misdemeanors
except as provided in section eighteen hundred five of this chapter and except as herein otherwise expressly provided shall apply except that no jury trial shall be allowed for traffic infractions. * * *" (Emphasis supplied; matter in brackets supplied.)
According to the last official census, taken in 1970, the City of Syracuse had a population of 197,297 and is thus not authorized to establish an administrative tribunal to hear traffic infractions. Except as provided in the preceding statute, the City of Syracuse must apply the same standards to hear traffic infractions as are applied to hear misdemeanors.
Pursuant to CPL § 10.30 all misdemeanors must be heard in either a local criminal court or a superior court. These courts must apply the provisions of the CPL (see CPL § 1.10 [1-a] and CPL § 1.20 [18]); thus all proceedings under the Vehicle and Traffic Law, brought for violations occurring in the CIty of Syracuse, are subject to the CPL.
County Law, § 700(1), provides in part:
 "1. It shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed * * *."
In 1966 Atty. Gen. [Inf.] 125, we concluded that the district attorney is accorded latitude in the exercise of his discretion as to personal appearances and prosecution in criminal proceedings in his county, but must have knowledge of all of them and consent to appearances by others for him.
Before reaching such conclusion, we stated:
 "While the district attorney of a county has the duty to conduct all prosecutions for crimes and offenses in his county (County Law § 700 [1]), the courts have recognized the manifest impossibility of his personal appearance and prosecution of all misdemeanors and offenses in every court of special sessions in such county and have, therefore, accorded him latitude in the exercise of his discretion as to such appearances and prosecutions.
 "He `must carry the responsibility and must set up a system whereby he knows of all the criminal prosecutions in his county and either appears therein in person or by assistant or consents to appearance on his behalf by other public officers or private attorneys' (People v. Van Sickle, 13 N.Y.2d 61 at 62, supra)."
Methods for the collection of fines are already prescribed under CPL § 420.10, which provides in part:
 "5. Even though the defendant was imprisoned for failure to pay a fine, or has served the period of imprisonment imposed, a fine may be collected in the same manner as a judgment in a civil action. The district attorney may, in his discretion, and must, upon order of the court, institute proceedings to collect such fine."
Under the above subdivision, we conclude that fines imposed under provisions of the Vehicle and Traffic Law may be collected in the same manner as a civil action by the district attorney or authorized public officer acting with his consent.
There is no provision authorizing a city to contract with a collection agency for the enforcement of traffic violations. Absent such express authorization, we must conclude that the City of Syracuse may not contract with a collection agency for the collection of traffic fines.
From all of the foregoing, we conclude that the City of Syracuse may not contract with a collection agency for the collection of fines imposed under the provisions of the Vehicle and Traffic Law.